## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ELIZABETH SMITH,**

               **Plaintiff,**

**vs.**                                                  **Civ. No. 06-356  JH/CEG**

**MARK RENTERIA and NARCISO VALDEZ,**
**Police Officers for Las Cruces, New Mexico, and**
**BOARD OF CITY COMMISSIONERS OF**
**THE CITY OF LAS CRUCES, NEW MEXICO,**

               **Defendants.**

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on Defendants' *Motion to Dismiss* [Doc. No. 10] and
Defendants' *Second Motion to Dismiss, as to Count II Only* [Doc. No. 14].  After reviewing the
Complaint, the law, and the arguments of the parties, the Court concludes that the first motion should
be granted in part and denied in part, and the second motion should be granted.

## LEGAL STANDARD

        The court will dismiss a cause of action for failure to state a claim only when it appears
beyond a doubt that plaintiff can prove no set of facts in support of the theory of recovery that would
entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*,
144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*,
490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from
conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are
viewed in favor of plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in
resolving a motion such as this is not whether plaintiff will ultimately prevail, but whether he is

entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the arrest of Plaintiff Elizabeth Smith ("Plaintiff") on July 30, 2004.

According to the allegations of the Complaint, which at this stage of the proceedings the Court must

accept as true, Claudia Smith ("Claudia")  is the daughter of Plaintiff.  Claudia was over 18 years of

age at the time of the events at issue in this case.  Defendants Narciso Valdez ("Valdez") and Mark

Renteria ("Renteria") are law enforcement officers employed by the City of Las Cruces, New Mexico.

On July 30, 2004, at approximately 11:00 p.m., Claudia was walking near a convenience store in Las

Cruces.  Renteria was driving his police car and stopped Claudia and asked her if she was alright.

Claudia said she was alright, but Renteria asked if he could see her face and then said that he saw

bruising on her face and neck.  Renteria asked Claudia what had happened, and she responded that

she was fine.  Renteria told Claudia that he would not leave her alone and threatened to arrest her if

she did not tell him what had happened.  Claudia panicked and told Renteria that her mother had hit

her, when in fact Plaintiff had never touched Claudia.

Subsequently, Valdez arrived at the convenience store and took pictures of Claudia.  Las

Cruces Fire Department medics arrived and examined Claudia.  Their records state that Claudia did

not have a chief complaint, that she was oriented to time and place, she had not lost consciousness,

that she stated that she was not in any pain, did not want to be touched, did not want to go to the

hospital, and did not want medical attention.  The medics noted bruising on Claudia's face, neck, and

breast, but no swelling in the areas of the bruises.  They also noted that the bruising "appeared

suspicious."  Renteria and Valdez did not consult with the medics regarding the results of their

examination to verify Claudia's injuries, nor did they arrange to transport Claudia to the hospital. Instead, they allowed Claudia to go to a party at a friend's house.

Renteria and Valdez then went to Plaintiff's home, where the arrived at approximately 11:30 p.m.  When Plaintiff's husband, Duncan Smith ("Duncan") answered the door, they informed him, "We are here to arrest [Plaintiff]; we have all the evidence we need.  We will listen to your side of the story but are going to arrest [Plaintiff]."   Duncan told Renteria that nothing had happened between Plaintiff and Claudia, that he did not see bruising on Claudia's face earlier that evening, and that he would not doubt that Claudia could have caused injury to herself.   Valdez also interviewed Plaintiff's 25-year-old daughter, Claudia's sister, who informed him that she did not see Plaintiff strike or harm Claudia that evening.

Plaintiff also denied having physical contact with Claudia and stated that if Claudia had injuries, she could have inflicted them on herself.  Plaintiff also said that Claudia had a disorder that would cause her to bruise easily, as well as diabetes.  Renteria examined Plaintiff, including her hands, and observed no injuries or red marks.

Renteria then conducted a warrantless arrest of Plaintiff in her home, took her to the Las Cruces Police Department for booking, and then had her transported to the Doña Ana County Dentention Center, where she was held on a $5,000 bond.  On July 31, 2004, Renteria filed a criminal complaint against Plaintiff for the charge of battery against a household member.  On October 18, 2004, the Assistant City Attorney for the City of Las Cruces interviewed witnesses, concluded that there was no basis to charge Plaintiff with a crime, and dismissed the charges.

Plaintiff alleges three causes of action.  In Count I, she asserts a claim under 42 U.S.C. § 1983 against the individual defendants for unlawful arrest without probable cause in violation of the Fourth

and Fourteenth Amendments, Complaint at ¶ ¶ 37-39, as well as a claim for respondeat superior liability against the City Commissioners.  In Count II, Plaintiff alleges a claim against all Defendants for intentional infliction of emotional distress.  Count III asserts a tort claim for malicious abuse of process against all Defendants.  However, in recognition of the fact that there is no respondeat superior liability under 42 U.S.C. § 1983, Plaintiff has stipulated to the dismissal of Count I against the City Commissioners only.  In addition, Plaintiff has agreed to the dismissal of Count II in its entirety because the New Mexico Tort Claims Act does not waive sovereign immunity for the tort of intentional infliction of emotional distress.  Thus, the only remaining claims are Count I against the individual defendants, and Count III against all Defendants.

## DISCUSSION

Defendants move for dismissal of Counts I and III on the grounds that they are immune from liability pursuant to state law and local ordinances.  Defendants rely upon the New Mexico Family Violence Protection Act, NMSA 1978, § 40-13-7(D), which states that "any law enforcement officer responding to the request for assistance under the Family Violence Protection Act is immune from civil liability to the extent allowed by law."   Defendants also cite the Las Cruces Municipal Code, §§19-83(d)(1) and (2), which provide that a peace officer at the scene of a domestic violence may arrest a person who he has probable cause to believe has committed an assault or battery upon a household member, and that "no peace officer shall be held criminally or civilly liable for making an arrest pursuant to this section, provided he acts in good faith and without malice."   The Court concludes that neither the state statute nor the Las Cruces ordinance entitles Defendants to dismissal at this stage of the proceedings.

Count I of the Complaint asserts a claim for violation of Plaintiff's right to be free from

unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution. There is an entire body of federal law enunciated by the Supreme Court and the Court of Appeals for the Tenth Circuit interpreting the Fourth Amendment's requirement that an officer have probable cause to arrest a suspect.  As Plaintiff correctly points out, the obligations and liabilities imposed on officers by federal constitutional law trump state and local laws to the contrary.  Neither a state nor a municipality has the right to deprive a citizen of her rights under the United States Constitution. Thus, the motion to dismiss Count I should be denied.

In addition, the Court will deny the motion to dismiss Plaintiff's state law claim for malicious abuse of process in Count III because, accepting the allegations of the Complaint as true and viewing them in the light most favorable to the Plaintiff, the Court cannot conclude that she is unable to state a claim or that the Defendants are immune from her claims.  First, with regard to the New Mexico Family Violence Protection Act, the Complaint alleges that the individual Defendants approached Claudia Smith on their own initiative and that she resisted their attempts to help her.  Therefore, under the facts alleged in the Complaint, the officers were not "responding to a request for assistance" as required by § 40-13-7(D), but rather were actively intervening in the situation without a request by the alleged victim of domestic violence. Defendants ask the Court to ignore this language in the statute, but the Court must presume that the Legislature chose the language of the statute knowingly and must give effect to the statute as written.  *See State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064 ("Under the plain meaning rule statutes are to be given effect as written without room for construction unless the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction . . . ."); *State v. Brennan*, 1998-NMCA-176, ¶ 4, 126 N.M. 389, 970 P.2d 161 (noting that "courts must give effect to plain

statutory language and refrain from further statutory interpretation"); *Hain v. Mullin*, 436 F.3d 1168, 1173 (10th Cir. 2006) (noting canons of statutory interpretation require courts to give effect to every word of a statute).  Section 40-13-7(D) simply does not apply to the facts as alleged in the Complaint because Defendants were not responding to a request for assistance.

In addition, the Defendants ask the Court to ignore other language in the statute.  Defendants point to § 40-13-7(B)(5) in justification of their position.  That subsection authorizes a law enforcement officer responding to a request for assistance to "take whatever steps are reasonably necessary to protect the victim from further domestic abuse, including . . . arresting the abusing household member when appropriate and . . . *premised upon probable cause* . . ."  Thus, consistent with the Fourth Amendment, the statute only authorizes arrest when that arrest is justified by probable cause.  Subsection § 40-13-7(B)(5), when read with § 40-13-7(D), indicates that in order to be immune from civil liability stemming from the response to a request for assistance, the arresting officer must have probable cause.

Based solely upon the allegations in the Complaint, the Court concludes that Plaintiff has adequately alleged that Defendants lacked probable cause to arrest her.  According to the Complaint, the only person to accuse Plaintiff of assault was Claudia, but her statements were made under coercion by Renteria, who threatened to arrest her if she did not explain the marks on her face. Furthermore, the reasonable inferences to be drawn from the Complaint are that Renteria and Valdez could have learned that Claudia's injuries were of dubious authenticity, had they consulted with the medics who examined her at the scene and concluded that her bruises "appeared suspicious."  And, the Complaint alleges that Defendants ignored the fact that three household members denied that a physical conflict had occurred and that Plaintiff bore no physical markings from an altercation.  Based

on the foregoing, the Court concludes that Plaintiff has adequately alleged facts to support her claim that Renteria and Valdez arrested her without probable cause.  Accordingly, the New Mexico Family Violence Protection Act offers Defendants no immunity to Count III at this stage of the litigation.

Similarly, the Las Cruces city ordinance quoted above offers immunity from civil liability only to officers who have probable cause to arrest a person accused of domestic violence.  At this stage of the litigation, the Court cannot conclude that the Defendants have such immunity.  Therefore, the Defendants' motion to dismiss Count III will be denied.

**IT IS THEREFORE ORDERED** that *Motion to Dismiss* [Doc. No. 10] is **GRANTED IN PART AND DENIED IN PART** and Defendants' *Second Motion to Dismiss, as to Count II Only* [Doc. No. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that Count I of the Complaint against Defendant Board of City Commissioners of the City of Las Cruces only is **DISMISSED WITH PREJUDICE**.  Count II of the Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

_____
**UNITED STATES DISTRICT JUDGE**